UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASSANDRA RAE HALTER,

        Plaintiff,

   v.                               Case No. 23-cv-1219-pp

TARSHA WRIGHT,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915 AND DISMISSING CASE**

On September 13, 2023, the plaintiff—who is representing herself—filed a complaint, alleging that the defendant violated her constitutional rights. Dkt. No. 1. She also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2.

To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must screen the complaint to determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

**I.    The Plaintiff's Ability to Pay the Filing Fee**

The plaintiff's request to proceed without prepaying the filing fee says that she is unemployed, single and does not have any dependents to support. Dkt. No. 2 at 1. Under "source of income," the plaintiff says she receives $1,519

1

in monthly wages or salary, though she does not list the source of that income or an employer. Id. at 2. Under "expenses," the plaintiff says she pays $1,519 in "total monthly expenses," which total includes $397 a month in rent, $162 in monthly car payments and $960 in "other household expenses (e.g., groceries, clothing, medical costs, utilities, cell phone, internet etc.)." Id. at 2-3. The request indicates that the plaintiff does not own a car or her home, and that she has $13 in "cash or checking, savings, or other similar accounts." Id. at 3.

Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee. This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees.").

**II. Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint

states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States, and that whoever deprived her of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

3

B. The Plaintiff's Allegations

The complaint names as the defendant Tarsha Wright of "Wisconsin Community Services." Dkt. No. 1 at 1. The plaintiff alleges that "without [the plaintiff's] consent," the defendant "intentionally open[ed] up Plaintiff['s] legal mail consisting of her child custody case," and that "the Defendant made photocopies of [the plaintiff's] legal mail [while] bragging that she had power over Plaintiff[.]" Id. at ¶1. The plaintiff alleges that the defendant took these actions to upset the plaintiff "mentally and physically," and that the defendant's intentional actions "caus[ed] the Plaintiff to suffer . . . irreparable injury[,]" including "damaging the Plaintiff['s] [reputation] as being a good mother to her child[.]" Id.

The plaintiff explains that she received legal correspondence from her lawyer, Cheryl Ward, on December 9 and December 16, 2022, and on January 27, March 10, March 17 and April 28, 2023. Dkt. No. 1 at pp. 2-3. She alleges that without her permission, the defendant opened and viewed these pieces of correspondence, "there[by] violating the attorney-client privilege, invad[ing] [the plaintiff's] privacy, [and] intrud[ing] on her confidential information meant for the addressee/Plaintiff's eyes only." Id. at 3. The plaintiff contends that the defendant told her, "Here is another letter from your attorney. I made a copy of it and placed in your file." Id. The plaintiff says that the defendant said this "as she handed the Plaintiff her opened mail[,] knowing that [her actions] w[ere] affecting the Plaintiff mentally and emotionally." Id.

4

The plaintiff alleges that the defendant "knew that the plaintiff was proceeding in court to gain custody of her child[,]" and the plaintiff maintains that "the Defendant was trying to obtain information from the letters from the state to take away her child completely and to cause Plaintiff to suffer distress, severe heart pains, and headaches which forced the Plaintiff to spend unnecessary money on medication for such pains." Dkt. No. 1 at ¶8. The plaintiff says that she "was also forced to take an [sic] Women's Power Group Program to speak upon [the] tragic event[s] of losing her child and [having] her case manager opening her mail unlawfully." Id. She asserts that although she "completed the program," she "still suffers daily as she does not have her child in her life and has been missing her since December of 2022." Id. at ¶9.

The plaintiff alleges that the defendant "is and was at all times a case worker of the United States and a resident of the state of Wisconsin[,]" and that "[a]t all times mentioned in this civil complaint the Defendant acted under color of state law." Dkt. No. 1 at ¶7. She states that she is suing the defendant "individually and in her official capacity[,]" and that she is seeking "declaratory and injunctive relief" under 42 U.S.C. §1983 for violations of her "8th, 6th, and 14th Amendment [rights]." Dkt. No. 1 at ¶¶3, 7. For relief, the plaintiff states that she "prays that the court enter judgment granting Plaintiff:" (1) "[a] declaratory judgment that the Defendant's willful conduct, practices, [and] intentional acts described herein . . . are violative of Plaintiff's rights under the constitution of the United States"; (2) "a permanent order stopping the Defendant from opening up her legal mail out[side] of [the plaintiff's] presence";

5

(3) "[p]unitive damages in the amount of 275 thousand (275,000) from the Defendant"; (4) "Plaintiff's loss of this civil action"[1]; and (5) "[s]uch other further relief as the court may deem[] proper and equitable." Id. at pp. 3-4. The plaintiff also requests "[t]rial by jury on all issues triable by jury." Id. at p. 3.

   C.   Analysis

The court suspects that it does not have subject-matter jurisdiction over the plaintiff's claims. "While state courts are courts of general jurisdiction—essentially open to all comers on all matters—federal courts are courts of limited jurisdiction." E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc., 3 F.4th 954, 957 (7th Cir. 2021). Under 28 U.S.C. §1331, federal courts have jurisdiction over claims asserting violations of federal laws or the federal Constitution. "The well-pleaded complaint rule requires that a federal question be 'apparent on the face' of the complaint." Hero v. Lake Cnty. Election Bd., 42 F.4th 768, 775 (7th Cir. 2022) (quoting Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013)). Under 28 U.S.C. §1332, federal courts have jurisdiction over lawsuits between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.

The plaintiff is suing an employee of Wisconsin Community Services under §1983 for alleged violations of her Sixth, Eighth and Fourteenth Amendment rights secured by the United States Constitution. Dkt. No. 1. She alleges that both she and the defendant are citizens of the state of Wisconsin,

---

[1] It is unclear what the plaintiff means by this.

id. at ¶7, and that the amount in controversy "exceeds $10,000;" that means this court does not have diversity jurisdiction under 28 U.S.C. §1332. The plaintiff alleges that the court has federal question jurisdiction under 42 U.S.C. §1983 and 28 U.S.C. 1331.[2] Id. at ¶4. But to state a claim for relief under §1983, a plaintiff must allege not only that someone deprived her of a right (or rights) secured by the Constitution or the laws of the United States, but that whoever deprived her of those rights was acting under the *color of state law*. E. Porter Cnty. Sch. Corp., 799 F.3d at 798 (citing Buchanan–Moore, 570 F.3d at 827).

The plaintiff asserts that she is suing the defendant "individually and in her official capacity," and that at all times mentioned in the complaint, the defendant "acted under color of state law." Dkt. No. 1 at ¶7. But WCS describes itself as a "nonprofit human services organization." https://www/wiscs.org/who-we-are (last visited May 15, 2024). According to the Wisconsin Department of Financial Institutions, WCS (the defendant's alleged employer) is a Wisconsin non-stock corporation with its principal office at 3732 W. Wisconsin Ave., Ste. 320, Milwaukee, Wisconsin 53208. https://apps.dfi.wi.gov/apps/corpSearch/Details.aspx?entityID=6W10614&hash=1426305714&searchFunctionID=d65cdf9c-ec26-4f06-8e65-02ca6b5e27b6&type=Simple&q=Wisconsin+Community

---

[2] While the plaintiff cites to "14 U.S.C. §1331," dkt. no. 1 at 2, the court believes the plaintiff meant to cite 28 U.S.C. §1331, the federal statute that gives federal courts jurisdiction over lawsuits raising questions of federal law.

7

+Services (last visited May 7, 2024).[3] WI Lobbying describes WCS as a "private, non-profit," the "largest non-governmental provider of services to offenders in the State of Wisconsin," "controlled by a 15-member Board of Directors." https://lobbying.wi.gov/Who/PrincipialInformation/2015REG/Information/6867?tab=Efforts (last visited May 15, 2024). A plaintiff may bring a §1983 civil rights claim against a private corporation if the plaintiff alleges that that private corporation had a contract with the state and the plaintiff's injury "was caused by a[n unconstitutional] . . . policy, custom, or practice" of that corporation." Shields v. Ill. Dep't of Corr., 746 F.3d 782, 796 (7th Cir. 2014). But the plaintiff has not alleged that WCS had such a custom, policy or practice. Because WCS—the defendant's employer—is a *private* corporation and not an agency of the state of Wisconsin, and because the plaintiff has not alleged that WCS was in contract with the state and that she was injured as a result of any custom, practice or policy of WCS, it does not appear that the defendant is a state actor.

Because the plaintiff has not sued a state actor, the complaint does not state a claim under 42 U.S.C. §1983, which means that the court likely does not have a basis for exercising its federal question jurisdiction. At this point,

---

[3] The address listed on the WDFI website as WCS's principal office corresponds to the address listed in the caption of the complaint as WCS's address, "3734 W Wisconsin Ave, Milwaukee, WI 53208," dkt. no. 1 at 1 (albeit, with a one-digit discrepancy), as well as the address provided on WCS's website, "3732 W. Wisconsin Avenue, Suite 320, Milwaukee, WI 53208," https://www.wiscs.org/contact-us/ (last visited May 7, 2024).

however, the court will dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted.

The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. And Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). The court finds that it would be futile to allow the plaintiff to amend, given that the sole defendant is not an employee of the state of Wisconsin, and therefore is not subject to suit under 42 U.S.C. §1983.

The court is dismissing this case without prejudice. If the plaintiff believes that there is an individual who acted under color of law to violate a Constitutional right or otherwise violated a federal law, she may file a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires the complaint to contain a "short and plain statement of the grounds for the court's jurisdiction," and a "short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). The plaintiff must explain who violated her rights (and where the person worked), what the defendant (or defendants) did, when they did it, where it

9

happened and why they did it. The plaintiff also should be aware that when she signs the complaint, she is certifying that—to the best of her knowledge and after a reasonable inquiry—the complaint is not being filed for an improper purpose, the claims are warranted by existing law and the factual allegations have evidentiary support. Fed. R. Civ. P. 11.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§1915(e)(2)(B) and 1915(b)(1) because the complaint fails to state a claim.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A)). The appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, she must file a motion *in this court*. See Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under
10

Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

Dated in Milwaukee, Wisconsin this 20th day of May, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**